United States District Court
Southern District of Texas
FILED

OCT 0 3 2003

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CONTINENTAL FOOD SALES, INC., a Washington corporation, | § § § | CASE NO. **B - 03 - 176** |
| Plaintiff, | § § | **COMPLAINT FOR VIOLATIONS** |
| | § | **OF THE PERISHABLE** |
| v. | § | **AGRICULTURAL** |
| | § | **COMMODITIES ACT ("PACA") [7** |
| HAIRE FROZEN FOODS, INC., a | § | **U.S.C. §499e, et seq.]** |
| corporation, dba TEXAS FRUIT & | § | **1. BREACH OF CONTRACT;** |
| BERRY CO.; DONALD W. HAIRE, an | § | **2. ENFORCEMENT OF** |
| individual, | § | **STATUTORY TRUST** |
| | § | **PROVISIONS;** |
| Defendants. | § | **3. VIOLATION OF PACA-** |
| | § | **FAILURE TO PAY PROMPTLY** |
| | § | **AND IN FULL;** |
| | § | **4. ACCOUNT STATED** |

     Plaintiff CONTINENTAL FOOD SALES, INC. ("CFS"), a limited liability company and a qualified trust beneficiary under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.    This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1332.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.    Plaintiff CFS is, and at all times material herein was, a corporation organized to do business under the laws of the State of Washington, having a principal place of business located in the City of Bainbridge Island, State of Washington.

3.    Plaintiff is informed and believes and thereon alleges that Defendant HAIRE FROZEN FOODS, INC., is a corporation, doing business as TEXAS FRUIT & BERRY CO. ("TFB") with its principal place of business at 222 East Van Buren, Suite 408, Harlingen, Texas 78550.

4.    Plaintiff is informed and believes and thereon alleges that Defendant DONALD W. HAIRE ("DWH") is an individual who during all times material herein was an officer, director and/or shareholder of Defendant TFB who maintains a residence

located within the jurisdictional boundaries of the Court. DWH is sometimes referred to herein as "The Individual Defendant."

5.    Plaintiff is informed and believes and thereon alleges that The Individual Defendant is and at all times herein was an insider with actual and constructive knowledge of the PACA trust and provisions set forth therein and who is and during all times relevant herein was responsible for the daily management and control of Defendant TFB.

6.    Plaintiff is further informed and believes and thereon alleges that The Individual Defendant is and during all relevant times herein was a statutory trustee under PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

## II.
## FIRST CAUSE OF ACTION
### (Breach of Contract Against Defendant TFB)

7.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 inclusive, of this Complaint as though fully set forth herein.

8.    At all times relevant herein, Defendants were engaged in the handling of produce in interstate commerce as commission merchants, dealers and/or brokers, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

9.    Between on or about December 10, 2002, CFS sold and shipped perishable agricultural commodities to Defendant TFB at said Defendant's request for which Defendant TFB agreed to pay CFS in amounts at least as great as the sum of $45,200.00.

10.    At or about the date of each transaction described above, Plaintiff forwarded to Defendant CFS's invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities.

11.    On or about May 6, 2003, Defendant TFB made a partial payment of $12,963.85, leaving a balance due of $32,236.15.

12.    Plaintiff has repeatedly demanded that Defendant pay the full amount due and owing under the invoice and said Defendant has failed and refused and continues to fail and refuse to pay Plaintiff for the produce purchased by said Defendant.

13.    Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

14.    As a direct and proximate result of the failure of Defendant TFB to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the amount of $32,236.15.

## III.
## SECOND CAUSE OF ACTION
### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

15.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14, inclusive of this Complaint as though fully set forth herein.

16.    Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

17.    The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

18.    Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendant TFB, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendant's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

19.    Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve their trust benefits in the total cumulative amount of at least $32,236.15 sold to Defendant TFB all of which remains past due and unpaid.

20.    Plaintiff is informed and believes for the reasons alleged at above, that Defendant TFB, and the Individual Defendant are statutory trustees under PACA. The PACA trust requires said Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that said Defendants, and each of them, have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff, all in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46. Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

21.    Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred and diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from the sale of produce purchased from Plaintiff to their own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

22.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $32,236.15, all of which qualifies for protection under the PACA trust.

## IV.
## THIRD CAUSE OF ACTION
### (For Violation Of Perishable Agricultural Commodities Act: Failure Pay Promptly And In Full Against All Defendants)

23.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

24.     Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, cumulatively totaling $32,236.15, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to make full payment promptly of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

25.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative loss of $32,236.15 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants.

## V.

## FOURTH CAUSE OF ACTION
### (Account Stated Against All Defendants)

26.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

27.     Beginning in or about December 10, 2002 and continuing through May 6, 2003, an account was stated by and between Plaintiff and Defendants, wherein it was agreed that Defendants were indebted to Plaintiff in the sum of $32,236.15 after applying the partial payment of $12,963.85.

28.     The amount outstanding due of $32.236.15 has not been repaid, although demand therefore, has been made and there is now due, owing, and unpaid the sum of $32,236.15 with continuing interest thereon in an amount according to proof.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION
### (For Breach Of Contract)

1.      For damages in the cumulative amount of $32,236.15;
2.      For finance charges thereon per agreement between the parties at the agreed rate from the date the obligation became due and payable to Plaintiff;
3.      For Plaintiff's attorney's fees and costs of suit incurred herein per agreement between the parties; and,
4.      For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (For Enforcement of Statutory Trust Provisions of PACA)

1.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount totaling at least $32,236.15;
2.      For finance charges thereon per agreement between the parties, at the agreed rate allowed by law;
3.      For Plaintiff's attorney's fees and costs of suit incurred herein per agreement between the parties; and,
4.      For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION
### (For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly)

1.      For damages in the amount totaling at least $32,236.15;
2.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the cumulative amount totaling at least $32,236.15;
3.      For finance charges thereon per agreement between the parties, at the agreed rate allowed by law from the date the obligation became due and payable to Plaintiff; and,
4.      For Plaintiff's attorney's fees and costs per agreement between the parties.

## FOURTH CAUSE OF ACTION

### (For Account Stated Against All Defendants)

1.      For actual damages in the amount of $32,236.15;

2.      For finance charges thereon per agreement between the parties at the agreed rate from the date the obligation became due and payable to Plaintiff;

3.      For Plaintiff's attorney's fees and costs of suit incurred herein, per agreement between the parties; and,

4.      For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: October 2, 2003

WILLIAM D. PEISEN
Texas State Bar No. 15731400
LAW OFFICE OF WILLIAM D. PEISEN
4401 S. McColl
Edinburg, TX 78539
Tel: 956-664-2963
Fax: 956-664-2967

-and-

PATRICIA J. RYNN, ESQ.
California State Bar No. 092048
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Tel: 949.752.2911
Fax: 949.752.0953

Attorneys for Plaintiff
CONTINENTAL FOOD SALES, INC.