ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CONTINENTAL FOOD SALES, INC., a Washington corporation, | § § § | CASE NO. 1:03-CV-00176 |
| Plaintiff, | § § | |
| v. | § § | |
| HAIRE FROZEN FOODS, INC., a corporation, dba TEXAS FRUIT & BERRY CO.; DONALD W. HAIRE, an individual, | § § § § § | |
| Defendants. | § § | |

**AFFIDAVIT OF MICHAEL BARRETT IN SUPPORT OF PLAINTIFF'S MOTION <u>FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS</u>**

I, MICHAEL BARRETT, declare as follows:

1. I am currently and during all times relevant in this matter have been the Sales Manager of CONTINENTAL FOOD SALES, INC. ("Continental" or "Plaintiff").

2. Continental is one of the moving parties herein and is a trust beneficiary of Defendants named herein under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e.

3. I make this declaration in support of Plaintiffs' Request for Entry of Default Judgment by Court against HAIRE FROZEN FOODS, INC., a corporation

d/b/a TEXAS FRUIT & BERRY CO. and DONALD W. HAIRE, an individual (collectively "Defendants").

4. I am personally familiar with all matters which are the subject of this proceeding and the facts set forth in this declaration are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated herein.

5. The sales and accounts receivable records of Continental, including but not limited to invoices, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are made either by me or under my direct supervision and control by Continental's employees in the sales and accounting departments whose duty it is to prepare such documents.

6. Continental is in the business of shipping and selling perishable agricultural commodities on the wholesale markets throughout the United States. Defendants are in the business of buying and selling perishable agricultural commodities and in that capacity purchased a total of $45,200.00 worth of produce on the date provided below, of which $32,236.15 is due and owing.

7. Continental maintains, and during all times relevant herein did maintain, a valid PACA License No. 19172385.

8. As the Controller of Continental, my responsibilities include monitoring Continental's sales of perishable agricultural commodities, including the sales to Defendants herein that are the subject of this dispute, and supervising collection of its accounts receivable for such sales, including the Defendants' account. I have custody and control of Continental's sales and accounts receivable records as they relate to the subject sales and I am thoroughly familiar with the manner in which those records are compiled.

9. As of the date of this affidavit, Invoice No. 204698 is the only invoice that is past due.

10. On December 10, 2002, Continental sold and shipped perishable agricultural commodities to Defendants, at Defendants' request, in the subject transaction at the agreed-upon sales price of $45,200.00, of which $32,236.15 is still owing. *See*, Continental's invoice for this sale, a true and correct copy of which is attached hereto and incorporated herein by this reference as Exhibit 1. *See also,* Continental's accounts receivable aging report/account statement reflecting the amount due, a true and correct copy of which is attached hereto and incorporated herein by reference as Exhibit 2. This aging report/account statement itemizes each shipment of produce sold by Continental's to Defendants by, among other things, date, invoice, number and sales price. All shipments reflected on this

aging report/account statement were delivered and accepted by Defendants, including the subject transaction.

11. On or about the date of each transaction listed in the aging report, Continental prepared and delivered to Defendants via U.S. Mail an invoice setting for the terms of the subject sales transactions. None of the invoices were ever returned to Continental as undelivered, including the subject Invoice No. 204698. Because I was one of the person's responsible for these sales, I personally oversaw preparation of many of the documents necessary for Continental's accounting office to prepare invoices.

12. Despite accepting without objection all of the produce mentioned herein, Defendants have entirely failed and refused to pay for a large sum of the produce purchased, leaving the amount of $32,236.15 due and owing.

13. At no time during or after the subject transactions did Defendants herein or anyone else acting on behalf of Defendants or its customers ever notify me that a load was not delivered or accepted. Likewise, at no time did anyone ever notify me that any of the product delivered pursuant to the subject invoices failed to make good arrival. To the contrary, all loads that are the subject of this lawsuit were delivered and accepted by Defendants without objection.

14. It is also my responsibility to make certain that Continental complies with all requirements necessary to preserve its trust rights under PACA for all

unpaid shipments of produce, including the shipment which is the subject of this dispute. In compliance with all statutory filing requirements, I made certain that each invoice set forth on its face the following statutory language necessary to preserve Continental's PACA trust benefits:

> *The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.*

*See again*, true and correct copy of Continental's invoice attached hereto and incorporated herein by reference as Exhibit 1.

15. The produce sold under the invoices was grown primarily in Washington, and sold to Defendants in Texas and shipped to Defendant's customers for distribution throughout the United States. Clearly, the subject produce was sold in interstate and foreign commerce.

16. All the invoice amounts due were reviewed and authorized by me. After the complaint was filed, no payments have been received. Therefore, the principal amount currently owed by Defendants to Continental is still $32,236.15.

17. Pre-judgment interest at the rate of 18% per annum has been calculated on the principal amount due from the date each invoice became due and

owing through March 4, 2004 in the amount of $6,676.86. An itemized spreadsheet calculating the interest charges is attached hereto as Exhibit 3.

18. Additionally, Continental is entitled to attorneys fees and costs pursuant the language on its invoices in the amount of $3,147.67. *See,* Affidavit of Patricia J. Rynn attached hereto.

19. Based on the foregoing, I believe Continental is entitled to default judgment against Defendants in the principal amount of $32,236.15 plus pre-judgment interest in the amount of $6,676.86 and attorney fees/costs in the amount of $3,147.67 for a total current amount due of $42,060.68, and post-judgment interest at the rate of 18% per annum.

'I declare under penalty of perjury under the laws of the States of Washington and Texas, and the United States of America that the foregoing is true and correct.

Executed this __3__ day of March, 2004 at Bainbridge, Washington.

_____
MIKE BARRETT

STATE OF WASHINGTON  )
s.s                               )
COUNTY OF __KITSAP__  )

SUBSCRIBED AND SWORN TO BEFORE me on this ___ day of March, 2004.

_____
NOTARY PUBLIC

**CONTINENTAL FOOD SALES, INC.**
600 WINSLOW WAY E., SUITE 231
BAINBRIDGE IS, WA 98110
(206) 842-7440
FAX (206) 842-7471

INVOICE

Billed as Agent For:
SNO-CO BERRY PAK
LYNDEN WA 98264

| DATE | INVOICE NO. |
|---|---|
| 12/10/2002 | 204698 |

SOLD TO: TEXAS FRUIT & BERRY CO.
PO BOX 2087
HARLINGEN, TX 78551

SHIP TO: Texas Fruit & Berry Co.
C/O Millard Refrig. Services
6800 S. Ware Rd.
McAllen, TX 78509
Phone #956-630-5636

| SALES MEMO NUMBER | P.O. NUMBER | PAYMENT TERMS | SHIP DATE |
|---|---|---|---|
| SM4250 | Verbal | Net 30 Days | 12/10/02 |

| ROUTE VIA | FOB | FREIGHT |
|---|---|---|
| Pac West Truck | Bellingham Cold Storage, Bellingham, WA Phone #360-733-1640 | Collect |

| QUANTITY | SIZE | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1600 | 25 lbs. | IQF MEEKER RASPBERRIES | 1.13 | 45200.00 |

*Partial*
**PAID**
5/6/03 Ch000196
Pd $12,963.85

5/6/03 Balance Due = 32,236.15

Thank You

Total 45200.00

Sales Person: Gordon Schramm

1.5% per month charged on past due accounts 18% annual percentage rate.
The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. Continental Food Sales shall be entitled to costs and expenses of collection including attorney fees.

File Copy

EXHIBIT 1

P7

1:18 PM
03/03/04
Accrual Basis

# Continental Food Sales, Inc.
## Customer Open Balance
### All Transactions

| Type | Date | Num | P.O. # | Memo | Ship Date | Terms | Due Date | Aging | Open Balance |
|---|---|---|---|---|---|---|---|---|---|
| **TEXAS FRUIT As Buyer** | | | | | | | | | |
| Invoice | 12/10/2002 | 204698 | Verbal | SM4250 | 12/10/2002 | Net 30 days | 1/10/2003 | 418 | 32,236.15 |
| Total TEXAS FRUIT As Buyer | | | | | | | | | 32,236.15 |
| **TOTAL** | | | | | | | | | **32,236.15** |

EXHIBIT 2

3/4/2004     Request for Default Judgment Date

## PACA TRUST CLAIMANT: CONTINENTAL FOOD SALES, INC.

| CUSTOMER NAME | INVOICE NUMBER | NOTICE DATE | TRANSACTION DATE | INVOICE AMOUNT | BALANCES DUE (LESS PAYMENT) | PAYMENT DUE DATE (Net 30) | DAILY FINANCE CHARGES (18%) | ELAPSED DAYS | ACCRUED FINANCE CHARGES | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Texas Fruit & Berry Co. | 204698 | 12/10/02 | 12/10/02 | $ 45,200.00 | $ 32,236.15 | 01/09/03 | $ 15.90 | 420 | $ 6,676.86 | $ 51,876.86 |

| | |
|---|---|
| PRINCIPAL AMOUNT INVOICED | $ 32,236.15 |
| FINANCE CHARGES AT 18% | $ 6,676.86 |
| ATTORNEY FEES | $ 2,837.67 |
| LOCAL COUNSEL ESTIMATE | $ 310.00 |
| TOTAL CLAIM: | $ 42,060.68 |

Finance charges calculated at the rate of 18% through March 4, 2004. Interest is subject to modification at the applicable legal rate. Claimant reserves the right to supplement its claim with additional charges accrued after March 4, 2004 if judgment not entered.

**EXHIBIT 3**